UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCHAEFFER MANUFACTURING COMPANY, )<br>A Missouri corporation, )<br> )<br>    Plaintiff, )<br> )<br>  vs. )<br> )<br>HOON GE, )<br>A Minnesota citizen, )<br> )<br>    Defendant. )<br> )<br> ) | Case No. 4:07CV01315 RWS |

**MEMORANDUM AND ORDER**

  This matter is before me on Defendant Hoon Ge's Partial Motion to Dismiss for failure to state a claim [#7] pursuant to Federal Rules of Civil Procedure Rule 12(b)(6).

  Plaintiff Schaeffer Manufacturing Company ("Schaeffer") brought this suit against Defendant Hoon Ge. Schaeffer alleges that Ge violated an employment agreement's non-competition provision. Schaeffer also alleges that Ge misappropriated Schaeffer's trade secrets.

  Ge removed this action from the St. Louis City Circuit Court on the basis of diversity jurisdiction. Ge moves to dismiss Schaeffer's non-competition claim against him, arguing that Schaeffer has failed to state a claim upon which relief can be granted.

  For the reasons set forth below, I find that Schaeffer has stated a claim upon which relief can be granted.

**Background**

Schaeffer is a Missouri corporation. Schaeffer manufactures lubricants and fuel additives. Ge is a resident of Minnesota. Ge was employed with Schaeffer as an independent contractor between February, 1997, and November, 2005. On or about February 1, 1997, Ge signed an agreement entitled "Schaeffer Manufacturing Company Independent Contractor Sales Agreement" (the "ICA").

The ICA's language relevant to this dispute is as follows:

To Our Independent Contractor Sales Representatives:
...
14. <u>Status of Sales Representatives</u>:
    (a) As a sales representative, you will be an independent contractor and not an employee of the Company for federal, state or local tax purposes or for any other purposes...
...
15. <u>Non-Competition</u>: For a period of two years following termination of your employment with the Company for any reasons, you will not directly or indirectly engage in or associate yourself with a business that is in competition with the Company, or contribute your knowledge to any work or activity that involves a product, service or development that is competitive with or similar to a product, service or development of the Company, within your territories and any other territories in which the Company competes with others. For the same period as above, you will not disclose any confidential or proprietary information of the Company, and you shall not solicit or induce sales representatives of the Company to terminate their association with the Company.
...
17. <u>Termination of Employment</u>: In the event that your employment with the Company terminates for any reason, all sums owed by you to the Company will be paid to the Company within 7 days.

Schaeffer alleges that, following Ge's termination, Ge began mixing fuel additives for one of Schaeffer's clients and soliciting Schaeffer's sales representatives. Schaeffer alleges that these actions violate the ICA's non-competition provision.

On August 6, 2007, Schaeffer filed a Petition against Ge in the St. Louis City Circuit Court. The Complaint alleged that Ge violated the ICA's non-competition provision and misappropriated Schaeffer's trade secrets. Ge removed the Petition to this Court on the basis of diversity jurisdiction. Ge now moves to dismiss the Complaint's non-competition claim for failure to state a claim for which relief can be granted, pursuant to Federal Rules of Civil Procedure 12(b)(6). Ge specifically argues that the ICA's non-competition provision does not apply to him because he was an independent contractor for Schaeffer and not an employee. Ge also argues that the non-competition provision is void due to unreasonably broad territorial restrictions.

**Legal Standard**

>Federal Rules of Civil Procedure Rule 12(b) states:
>
>Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted . . .

Fed. R. Civ. P. 12(b). Federal Rule 12(b) is identical to Rule 55.27(a) of the Missouri Rules of Civil Procedure. Shafer v. W. Holding Corp., 673 S.W.2d 117, 120 (Mo. Ct. App. 1984).

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are construed in favor of the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989). To avoid dismissal for failure to state a claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). Although the specific facts are not

necessary, the plaintiff must allege facts sufficient to give fair notice of what the claim is and the grounds upon which it rests. Id.

**Analysis**

Ge alleges that the Complaint's non-competition claim should be dismissed for two reasons: 1) the non-competition provision is inapplicable, because Ge was an independent contractor and not an employee; and 2) the non-competition agreement contains unreasonably broad territorial restrictions and is therefore void.

### Independent Contractor Argument

Ge's first argument for dismissal is dependent upon the wording of the ICA's non-competition provision. Section 15 of the ICA prohibits actions "[f]or a period of two years following termination of your *employment* with the Company . . .." (emphasis added). Ge alleges that because he was an independent contractor and not an employee of Schaeffer's, he was incapable of having his "employment" terminated. Ge states that under Missouri law there is a difference between independent contractors and employees. Ge further notes that in Missouri the term "employment" does not include the service performed by an independent contractor. See Mo. Rev. Stat. § 288.034(5) (2007) ("5. Service . . . shall be deemed to be employment subject to this law unless . . . such services were performed by an independent contractor.").

The ICA includes the language "Independent Contractor Sales Representatives." Schaeffer argues that the term "employment" can apply to both employees as well as independent contractors.

Under Missouri law, courts "review the terms of a contract as a whole, not in isolation." Tuttle v. Muenks, 21 S.W.3d 6, 11 (Mo. Ct. App. 2000). In doing so, "'each term is construed to

avoid an effect which renders other terms meaningless.'" Id. (citations omitted). Parties to a contract are "'presumed not to intend nullities.'" Id. at 12 (citations omitted). Rather the preferred construction is one that does not leave "'provisions without function or sense.'" Id. (citations omitted). Ge's argument that Mo. Rev. Stat. § 288.034(5) controls the definition of the term "employment" is incorrect. Nothing in the ICA incorporates or adopts this statutory definition.

I will deny Ge's partial motion to dismiss on this basis.

**Unreasonably Broad Territorial Restrictions Argument**

Ge's next argument for dismissal is that the non-competition agreement is invalid. Ge argues that a Missouri appellate court, in Renal Treatment Ctrs- Missouri v. Braxton, 945 S.W.2d 557 (Mo. Ct. App. 1997), has held that a non-competition agreement that lacks territorial limitations is invalid. See id. at 563-64 (discussing a Georgia appellate court's holding in Amstell, Inc. v. Bunge Corp., 443 S.E.2d 706, 707 (Ga. Ct. App. 1994)). Ge argues that because the ICA's non-competition provision does not have a territorial restriction limitation, the non-competition provision is invalid.

Schaeffer, however, argues that the ICA's section 15 does contain a territorial restriction limitation, citing the language: "within your territories and any other territories in which the Company competes with others." Furthermore, Schaeffer argues that even if this territorial restriction is unreasonably broad, under Missouri law, courts can "blue-pencil" the geographic scope to make it reasonable.

Schaeffer's argument that Missouri courts will "blue-pencil" an unreasonable non-competition agreement to make it reasonable is incorrect. The legal term "blue-pencil" refers to

the formalistic practice whereby a court strikes through offending language in a contract, modifying the contract to only include the remaining language. Missouri courts do not practice the "blue-pencil" doctrine. Mid-States Paint & Chem. Co. v. Herr, 746 S.W.2d 613, 616 (Mo. Ct. App. 1988); R.E. Harrington, Inc. v. Frick, 428 S.W.2d 945, 951 (Mo. Ct. App. 1968); (rejecting the "blue-pencil doctrine" and noting "the courts of this state, and the better reasoned authorities in other states have never allowed the usages and meaning of equity to be drowned in a murky pool of meaningless form").

However, Missouri courts have modified non-competition agreements by narrowing an unreasonable geographic scope to a reasonable limitation. Mid-States Paint & Chem., 746 S.W.2d at 616 ("an unreasonable restriction against competition in a contract may be modified and enforced to the extent that it is reasonable, regardless of the covenant's form of wording"). In Orchard Container Corp. v. Orchard, 601 S.W.2d 299, 300-304 (Mo. Ct. App. 1980), the court modified a non-competition agreement's geographic scope from 200 miles to 125 miles and enforced the agreement as modified. Similarly, in Sigma Chemical Co. v. Harris, 794 F.2d 371, 374-75 (8th Cir. 1986), the 8th Circuit, applying Missouri, law modified a non-competition agreement that did not contain any geographic limitation.

Whether or not the territorial limitations in this agreement are overbroad, and if so whether I should or should not impose a more narrow restriction, are not the basis for a motion to dismiss for failure to state a claim. Rather, these are issues are properly addressed after the facts are more developed at a later stage in these proceedings.

Construing the facts in the light most favorable to Schaeffer, I find that Schaeffer has alleged facts sufficient to state a claim for violation of a non-competition agreement.

Accordingly,

**IT IS HEREBY ORDERED** that Hoon Ge's Motion to Dismiss for failure to state a claim [#7] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 28th day of November, 2007.